IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL T. EVERETT,<br><br>    Petitioner,<br><br>  v.<br><br>M. D. McDONALD, Warden,<br><br>    Respondent.                 / | No. C 10-04323 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNEXHAUSTED; AND REQUIRING PETITIONER'S ELECTION REGARDING MIXED PETITION |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising four claims. In an Order dated October 6, 2010, the Court ordered Respondent to show cause why the petition should not be granted.

    Before the Court is Respondent's motion to dismiss the petition for failure to exhaust state court remedies (docket no. 5). Petitioner filed an opposition to the motion.

## LEGAL STANDARD

    Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254 (b), (c); <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982).

    The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity "to give the state the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal

rights." Picard v. Connor, 404 U.S. 270, 275 (1971)(citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. Id.; Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003)(en banc). A federal district court must dismiss a federal petition containing any claim as to which state remedies have not been exhausted. Rhines v. Webber, 544 U.S. 269, 273-74 (2005).

## DISCUSSION

Petitioner raises four claims in his petition: (1) his Sixth and Fourteenth Amendment rights were violated because his family and friends were not allowed in the courtroom during trial and jury selection; (2) the trial court erred in failing to instruct the jury on involuntary manslaughter; (3) the trial court erred in failing to suppress a statement obtained in violation of the Fifth Amendment; and (4) he received ineffective assistance of counsel. Respondent argues that Petitioner has filed a "mixed petition" containing two exhausted claims and two unexhausted claims. Respondent, therefore, asks the Court to dismiss the petition.

There is no dispute that Petitioner "fairly presented" claims two and three to the California Supreme Court in his petition for review; therefore, they are exhausted claims. (Mot. to Dismiss at 3, Ex. 1.) However, the other claims were not included in his petition for review. (Id., Ex. 1.) There is no evidence that the California Supreme Court had a fair opportunity to rule on the merits of claims one and four. (Id.) Petitioner concedes that claims one and four are unexhausted. (Pet. at 8, 9; Opp'n at 1.)

2

Thus, Petitioner has filed a "mixed petition" composed of two exhausted claims and two unexhausted claims.

A district court must dismiss "mixed petitions" containing both exhausted and unexhausted claims. Rose, 455 U.S. at 522. Before entering a judgment of dismissal, however, a district court must provide a petitioner with an opportunity to amend the "mixed petition" by striking his unexhausted claims. Jefferson v. Budge, 491 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277 (2005). Alternatively, a court may stay the "mixed petition" while the petitioner returns to state court to exhaust the unexhausted claims. Rhines, 544 U.S. at 277.

Accordingly, Petitioner may chose either to (1) amend his petition by deleting his unexhausted claims and proceed only with his exhausted claims or (2) request a stay of his petition while he exhausts his unexhausted claims in state court. Petitioner is advised, however, that if he strikes the unexhausted claims and proceeds only with the exhausted claims, the abuse of writ doctrine will bar him from raising the unexhausted claims in future federal habeas proceedings. If Petitioner exhausts his unexhausted claims by way of a state habeas petition, Petitioner may then return to federal court on all of his exhausted claims.

Within fourteen (14) days of the date of this Order, Petitioner must submit a request to dismiss his unexhausted claims and proceed with his exhausted claims (claims two and three) or a request to stay the petition while he returns to state court to exhaust his unexhausted claims. If he does neither, the Court will

3

1  dismiss the petition for failure to exhaust state judicial
2  remedies.
3       This Order terminates Docket no. 5.
4       IT IS SO ORDERED.
5  Dated: 2/7/2011
6                                    CLAUDIA WILKEN
                                     UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMAL T EVERETT,

        Plaintiff,

v.

M D MCDONALD et al,

        Defendant.

Case Number: CV10-04323 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamal T. Everett G41163
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: February 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk