IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMAL T. EVERETT,

       Petitioner,

  v.

M. D. McDONALD,

       Respondent.

_____/

No. C 10-04323 CW (PR)

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

Petitioner has filed a motion for appointment of counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure

§ 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  <u>See</u> <u>Chaney</u>, 801 F.2d at 1196; <u>Eskridge v. Rhay</u>, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case.  Petitioner's claims are typical claims that arise in criminal appeals and are not especially complex.  This is not an exceptional case that would warrant representation on federal habeas review.  There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e).  Petitioner's claims do not rely upon extra-record evidence and a factual basis exists in the record to determine the claims.  If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses.  <u>See</u> <u>Downs v. Hoyt</u>, 232 F.3d 1031, 1041 (9th Cir. 2000).

Accordingly, Petitioner's motion for appointment of counsel is DENIED.  This denial is without prejudice to reconsideration should the Court on its own motion find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

This Order terminates Docket no. 10.

IT IS SO ORDERED.

Dated: 2/22/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMAL T EVERETT,

            Plaintiff,

  v.

M D MCDONALD et al,

            Defendant.
_____/

Case Number: CV10-04323 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamal T. Everett G41163
High Desert State Prison
P.O. Box 3030
Susanville,  CA 96127

Dated: February 22, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

3