IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL T. EVERETT, | No. C 10-4323 CW (PR) |
|     Petitioner, | ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY |
|   v. | |
| M. D. McDONALD, Warden, | |
|     Respondent. | |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising four claims. In an Order dated October 6, 2010, the Court ordered Respondent to show cause why the petition should not be granted. Thereafter, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies.

In an Order dated February 2, 2011, the Court granted Respondent's motion to dismiss the petition and directed Petitioner to make an election regarding how he wanted to cure the problem of the unexhausted claims. Petitioner was instructed to submit (1) a request to dismiss his unexhausted claims and proceed with his exhausted claims (claims two and three) or (2) a request to stay the petition while he returns to state court to exhaust his unexhausted claims.

On February 18, 2011, Petitioner submitted a document entitled, "Request for Stay and Abeyance to Exhaust," in which he requests a stay in order "to further exhaust claims in state court and refile his petition in federal court . . . ." (Pet'r Req. for Stay dated Feb. 18, 2011 at 1.)

Prisoners in state custody who wish to challenge in federal

1  habeas proceedings either the fact or length of their confinement
2  are first required to exhaust state judicial remedies by presenting
3  the highest state court available with a fair opportunity to rule
4  on the merits of each and every claim they seek to raise in federal
5  court.  See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509,
6  515-16 (1982).  If available state remedies have not been exhausted
7  as to all claims, the district court must dismiss the petition.
8  Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).
9  A dismissal solely for failure to exhaust is not a bar to returning
10 to federal court after exhausting available state remedies.  See
11 Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).
12      Petitioners may seek a stay of the petition pursuant to Pace
13 v. DiGuglielmo, 544 U.S. 408, 416 (2005), under which a prisoner
14 may file a protective petition in federal court and ask the court
15 to stay federal habeas proceedings until all state remedies are
16 exhausted.  District courts have the authority to issue stays, and
17 the habeas statute does not deprive them of that authority.  Rhines
18 v. Webber, 544 U.S. 269, 277-278 (2005).  A stay is appropriate
19 where the district court determines that good cause existed for the
20 petitioner's failure to exhaust his claims in state court, and that
21 such claims are potentially meritorious.  Id.; see also Pace, 544
22 U.S. at 416.
23      Here, it appears that good cause exists for Petitioner's
24 failure to exhaust his claims on direct appeal because his claims
25 could be raised by way of state habeas corpus.  Moreover, the
26 claims state cognizable bases for federal habeas relief.  This is
27 Petitioner's first habeas petition, and there is no evidence that
28 he seeks the stay for improper purposes.  See Fetterly v. Paskett,

**United States District Court**
For the Northern District of California

2

1  997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the
2  purpose of permitting exhaustion of unexhausted claims should be
3  granted only if the claims petitioner seeks to pursue are
4  cognizable under § 2254; there is a likelihood of prejudice to
5  petitioner if the stay is not granted; and there is no evidence
6  that the motion for a stay is brought to delay, vex, or harass, or
7  that the request is an abuse of the writ). Accordingly, the Court
8  GRANTS Petitioner's request for a stay.

9  These proceedings are hereby STAYED pending Petitioner's
10 exhaustion of his state judicial remedies. Petitioner must act
11 diligently in exhausting his state judicial remedies, or the stay
12 may be lifted. He must file quarterly reports describing the
13 progress of his state court proceedings, commencing <u>thirty (30)
14 days</u> from the date of this Order and continuing every <u>ninety (90)
15 days</u> thereafter until his state court proceedings are terminated.
16 He must also attach to his status reports copies of the cover page
17 of any document that he files with or receives from the state
18 courts relating to the claims.

19 The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file
20 pending the stay of this action. Nothing further will take place
21 in this action until Petitioner receives a final decision from the
22 highest state court and, within <u>thirty (30) days</u> of doing so, moves
23 to reopen the action, lift the Court's stay and amend the stayed
24 petition to add the newly-exhausted claims.

25 This Order terminates Docket no. 13.

26 IT IS SO ORDERED.

27 Dated: 3/1/2011

*[signature: Claudia Wilken]*
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMAL T EVERETT,

        Plaintiff,

v.

M D MCDONALD et al,

        Defendant.

Case Number: CV10-04323 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 1, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamal T. Everett G41163
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: March 1, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk