IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMAL EVERETT,<br><br>    Petitioner,<br>  v.<br><br>M.D. McDONALD, Warden,<br><br>    Respondent. | No. C 10-4323 CW (PR)<br><br>ORDER LIFTING STAY AND REOPENING CASE; DIRECTING PETITIONER TO FILE AMENDED PETITION AND RESPONDENT TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED |

   Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court granted Respondent's motion to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims. Thereafter, the Court granted Petitioner's request to stay the petition pending his return to state court to exhaust the unexhausted claims.

   Petitioner has now filed a motion to lift the stay, reopen the case and file an amended petition containing only exhausted claims.

   Good cause appearing, the Court orders as follows:

   1.   Petitioner's motion to lift the stay and reopen the case is GRANTED.

   2.   No later than thirty days from the date of this Order, Petitioner shall file with the Court and serve upon Respondent's counsel an amended petition that includes all claims that he seeks to pursue in this proceeding. Petitioner must use the habeas form provided by the Court and include on the front page thereof the caption and case number of this action and the words "Amended

Petition."

3.  No later than sixty days from receipt of the amended petition Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it upon Respondent's counsel no later than thirty days from his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

4.  No later than sixty days from receipt of the amended petition Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

If Respondent files such a motion, Petitioner shall file with the Court and serve upon Respondent's counsel an opposition or statement of non-opposition to the motion no later than twenty-eight days from his receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than fourteen days from receipt of an opposition.

5.  It is Petitioner's responsibility to prosecute this case.  He must keep the Court and Respondent informed of any change of address and comply with the Court's orders in a timely

fashion.  He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

7.   The Clerk of the Court shall provide Petitioner with the Court's habeas petition form and shall serve a copy of this Order upon Petitioner and Respondent's counsel.

IT IS SO ORDERED.

Dated: 3/8/2013

CLAUDIA WILKEN
United States District Judge